No. 1478.—MRS. P. R. WALKER *v.* MRS. D. S. GRAHAM.

Consent to the extension of the time for the maturity between the maker and holder of a promissory note will hold the endorser conditionally liable, and notice of demand on the maker need not be given the endorser until the expiration of the new date caused by the extension.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Randolph, Singleton & Hardie*, for plaintiff and appellee. *Charles S. Rice* for defendant and appellant.

HOWELL, J. The defendant, universal heir and legatee of her deceased husband, D. S. Graham, has appealed from a judgment against her on a note for $2100, made payable on the first April, 1862, on which the following endorsements appear :

"NEW ORLEANS, March 1. ·
"I hereby agree, and the payment of this note is extended for twelve months from the first day of April next.
"PATSY R. WALKER."

"I hereby waive demand, protest and notice of protest, and consent to the above extension of twelve months.
"D. S. GRAHAM.
"March 1, 1862."

"Received on account of the within note one hundred dollars, at Mobile, Ala., this thirteenth day of February, 1864.
"PATSY R. WALKER."

It is contended by the appellant that the waiver of D. S. Graham, the endorser, related to the maturity of the note as fixed on its face, and not to the extended maturity.

27

This, in our opinion, is a forced interpretation of the agreement, and is not sustained by the sections of Story on Notes referred to. Sections 271, 272, 279, 295, 358, 361, 366.

As the extension, without the consent of the endorser, would have released him, a presentment and notice at the original date of maturity would have had no legal effect, and the parties are not presumed to have done a vain thing. The endorser consented to the prolongation and waived the demand, protest and notice at the new date of maturity.

We do not agree with defendant's counsel that to make the agreement for an extension between the maker and holder valid, the endorser was required first to waive presentment and notice at the old date. A simple consent to the extension would have held him conditionally bound, with the obligation on the part of the holder to pursue the steps at the new date of maturity necessary to bind an endorser. It was this obligation, of which the holder was relieved by the waiver made.

. The appellant is entitled to reduction of the judgment for the credit on the note, with costs of appeal. C. P. art. 903. The plaintiff asked for the judgment as rendered, and introduced the note in evidence with the credit on it. It was her duty, as much as that of defendant, to have the correction made below. To hold otherwise would justify plaintiffs in demanding and recovering more than their own evidence sustains. This case differs from that of Baudoin v. Tete, 10 A. 69, quoted by plaintiffs to relieve them from costs.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff, Mrs. Patsy R. Walker, recover of the defendant, Mrs. D. S. Graham, widow of D. S. Graham, deceased, the sum of two thousand dollars, with eight per cent. interest on two thousand one hundred dollars, from April 1, 1862, until February 13, 1864, and like interest from said last date on two thousand dollars until paid, and costs of the lower court. Costs of appeal to be paid by plaintiff and appellee.